UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| APPALACHIAN STREAM RESTORATION, LLC, <br><br> Plaintiff, <br><br> V. <br><br> COMMONWEALTH OF KENTUCKY, et al., <br><br> Defendants. | Civil. No. 3:17-cv-00103-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Appalachian Stream Restoration, LLC, a West Virginia Corporation, brings suit in diversity against the Commonwealth of Kentucky; Division of Engineering and Contract Administration; Department of Facilities and Support Services; Finance and Administration Cabinet; the Kentucky Department of Fish and Wildlife; and ICA Engineering, Inc., a Kentucky corporation. The Commonwealth of Kentucky, Division of Engineering and Contract Administration, and Fish and Wildlife have moved for dismissal, asserting the defense of sovereign immunity. [R. 15; R. 16.] For the following reasons, the Court **GRANTS** Defendants' motions and **DISMISSES** claims against them for lack of subject matter jurisdiction.

**I**

On July 6, 2015, Appalachian Stream Restoration (ASR) entered into a contract with the Commonwealth of Kentucky, which includes the Division of Engineering and Contract Administration (DECA), the Department for Facilities and Support Services (FSS), and the

Finance Administration Cabinet (FAC) (collectively "Finance"). [R. 1.] The Kentucky Department of Fish and Wildlife Resources was the regulatory agency overseeing the work performed under the contract at issue. [R. 1.] By their contractual terms, ASR was hired by the Commonwealth for "construction of a stream and wetland mitigation site located on the Higginson-Henry Wildlife Management Area in Union County, Kentucky." [R. 1 at 3.] The work was to include "the installation of several different in-stream structures and placement of gravel material in restored riffles" as well as "installation of groundwater dams, grading historically modified wetland areas to proposed elevations, and removal and plugging of drain tiles in active agricultural field" among other projects. [R. 1 at 3.] Plans for the construction were created and provided by ICA Engineering, Inc., another defendant. [R. 1 at 7.]

The complaint alleges that ASR repeatedly voiced concern over the design of the plans, which it characterizes as "negligently prepared" and "flawed," but that its concerns were ignored by the Defendants. Then, in May, 2016 "heavy rainfall and flood waters at and near the project . . .caus[ed] failure in certain construction work." [R. 1 at 7.] The Defendants blamed the failure on ASR's construction work, and withheld payment for the work ASR already completed. [R. 1 at 4]. In December, 2017, ASR filed this lawsuit under diversity jurisdiction. *See* 28 U.S.C. § 1132. ASR's complaint includes seven counts, including statutory liability pursuant to the Kentucky Fairness in Construction Act, breach of contract, conspiracy, unjust enrichment, tortious interference, fraud and misrepresentation, and negligence. [R.1.]

Except for ICA Engineering, all Defendants have moved for dismissal pursuant to Rule 12(b)(1) or 12(b)(6)[1]. [R. 15; R. 16.] Defendants assert that ASR's claims must be dismissed because they, as state agencies, are entitled to sovereign immunity per the Eleventh Amendment.

---

[1] The motion filed by Finance cites only Federal Rule of Civil Procedure Rule 12(b)(6), whereas the Department of Fish and Wildlife's motion cites both 12(b)(1) and (6) as grounds for dismissal.

[R. 15; R. 16.] ASR does not dispute the Defendants' status as members of the executive branch of Kentucky's government; rather, ASR asserts that the Defendants have waived sovereign immunity and consented to suit in federal court by the terms of their contract. [R. 20.] The contract contains a clause which states in relevant part:

> The Owner and Contractor[2] agree that any suit, action or proceeding with respect to this Contract may only be brought in or entered by the courts of the Commonwealth of Kentucky situated in Frankfort, Franklin County, Kentucky, or the United States District Court for the Eastern District of Kentucky, Frankfort Division, and the parties hereby submit to the non-exclusive jurisdiction of such courts for the purpose of any such suit, action, proceeding or judgment and waive any other preferential jurisdiction by reason of domicile or location.

[R. 18 at 61.] This clause, ASR argues, constitutes a waiver of sovereign immunity and consent on the part of the Commonwealth to suit in federal court, specifically this Court. Defendants disagree, and instead maintain that immunity may only be waived by an act of the General Assembly. [R. 20 at 1.] Neither party argues that the United States has abrogated state immunity in this context, and all agree that the moving Defendants are state agencies for purposes of immunity. Therefore, the only question before this Court is whether the language in the contract is, in fact, a valid waiver of sovereign immunity and consent to suit in federal court.

## II

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. Fed.R.Civ.P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) is different than a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is

---

[2] Per the terms of the contract, "Owner" refers to the Commonwealth, and "Contractor" refers to ASR.

"empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id*.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**A**

The Eleventh Amendment mandates that, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States[.]" U.S. Const. amend. XI. Simply put, the States enjoy immunity from the adjudication of state law claims filed against them in federal court. *Ernst v. Rising*, 465 F.3d 351, 358 (6th Cir. 2005). "A State, however, may choose to waive its immunity in federal court at its pleasure." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011). The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one," and federal courts should only find a waiver where there is a "clear declaration that a state intends to submit itself to [federal] jurisdiction." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ.*

4

*Expense Bd.*, 527 U.S. 666, 675 (1999) (internal citations omitted). Further, a State does not waive sovereign immunity in federal court merely by consenting to suit in its own courts. *Id.* at 676.

Also relevant to a finding of valid waiver is Kentucky state law. Per the Constitution of Kentucky, "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." Ky. Const. § 231. According to Kentucky's Supreme Court, "the immunity is such that it may not be waived, except by legislative action." *Commonwealth, Dep't of Highways v. Davidson*, 383 S.W.2d 346, 348 (Ky. 1964). The General Assembly has taken such action in passing KRS § 45A.245, which says:

> Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth . . . may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury.

Ky. Rev. Stat. § 45A.245(1). In passing this statute, "the General Assembly has specifically chosen to waive the defense of governmental immunity in all cases based upon written contracts with the Commonwealth." *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 651 (Ky. 2017). The parties have not pointed to, and this Court can find, no other statutes addressing sovereign immunity passed by the General Assembly with respect to any of the other bases of liability ASR alleges in its complaint.[3]

Section 45A.245 contains a valid waiver of sovereign immunity as to ASR's contractual claims, provided such claims are brought in Franklin Circuit Court. *See* KRS § 45A.245(1); *College Sav. Bank*, 527 U.S. at 676. But ASR argues that the Defendants have also waived

---

[3] Counsel for Finance posits that the General Assembly has also waived sovereign immunity as to ASR's negligence claims, but only before the Kentucky Claims Commission, through KRS § 49.060. This Court does not surmise whether or not ASR could bring its negligence claims under this statute, and it has no bearing on the validity of the waiver set forth in the parties' contract.

5

sovereign immunity over its contractual claims in this Court, by the language of the contract itself. [R. 20.] This Court does not agree. ASR is correct that the contract term at issue is "clear and unambiguous," but it is far from clear that Defendants had the authority, as arms of the executive branch of Kentucky government, to agree to such a provision. According to ASR, "nowhere does the general law of Kentucky, as enacted by the legislature or provid[ed] by the state constitution, appear to limit Defendants' power to contract away—even in limited fashion, as here—their sovereign immunity in federal court." [R. 20 at 8.] But Kentucky's Supreme Court has stated time and time again that, in accordance with § 231, only the General Assembly may waive sovereign immunity. *See, e.g., Furtula v. Univ. of Ky.*, 438 S.W.3d 303 (Ky. 2014); *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790 (Ky. 2009); *Dep't of Corrections v. Furr*, 23 S.W.3d 615 (Ky. 2000); *Commonwealth. Dep't of Highways v. Davidson*, 383 S.W.2d 346 (Ky. 1964).

Nor has the General Assembly waived sovereign immunity by endowing state agencies with a general power to contract, for "certainly the constitutional mandate would be of small stature if its precepts could be waived by any state officer or agent other than the general assembly." *Commonwealth Dep't of Highways v. Davidson*, 383 S.W.2d 346, 348 (Ky. 1964). Although federal district courts in Florida have found waiver "stemming from general law empowering [Florida] state agencies to enter into contracts," such cases were preceded by the Florida Supreme Court's holding "that the [Florida] legislature had implicitly waived its sovereign immunity by authorizing the state to enter into valid contracts with private parties." *Posen Constr. v. Lee County*, 921 F. Supp.2d 1350, 1356 (M.D. Fla. 2013) (citing *Pan-Am Tobacco Corp. v. Dept. of Corrections*, 471 So.2d 4 (Fla. 1984)). There has been no such holding from the Supreme Court of Kentucky.

6

Finally, ASR relies heavily on *C&L Enterprises* to support its argument, but this reliance is misplaced. *See C&L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001). "The immunity possessed by Indian tribes is not coextensive with that of the states." *Kiowa Tribe v. Mfg. Techs.*, 523 U.S. 751, 756 (1998). Whether tribal immunity in this case could be waived by contract is unrelated to the issue of sovereign immunity here, because it does not arise from the Eleventh Amendment, "but is judicially created, developing 'almost by accident.'" *Michigan v. Bay Mills Indian Cmty.*, 695 F.3d 406, 414 (6th Cir. 2012) (citing *Kiowa Tribe*, 523 U.S. at 756).

### III

The Court is sympathetic to ASR's predicament. It is undoubtedly frustrating to discover that the contract provision that seemed so clear and unambiguous, is in fact, unenforceable in federal court. But ASR is not without a remedy. The doors of the Franklin Circuit Court are open to ASR, at least as to its contractual claims, by way of valid waiver of sovereign immunity, executed by the General Assembly. Without such waiver, this Court is without subject matter jurisdiction to hear ASR's claims against the DECA and the Department of Fish and Wildlife.

Therefore, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motions **[R. 15; R. 16]** are **GRANTED** as to all Counts of the Plaintiff's Complaint.

2. Counts One through Seven of the Plaintiffs' Complaint against the Commonwealth of Kentucky, Division of Engineering and Contract Management; Department Facilities and Support Services; Finance Cabinet; and Kentucky Department of Fish and Wildlife are **DISMISSED WITHOUT PREJUDICE**.

This the 1st day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge